## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

NORBERT STURDEVANT,

        Plaintiff,

v.                                                        Case No. 09-C-0884

MENOMINEE INDIAN TRIBE OF WISCONSIN,
LISA WAUKAU, CHAIRPERSON,

        Defendant.

### DECISION AND ORDER

The plaintiff, Norbert Sturdevant, a federal prisoner, filed a "Motion for Relief" against the Menominee Indian Tribe of Wisconsin and its Chairperson, Lisa Waukau. The court will terminate the "Motion for Relief" that was docketed and construe the pleading as a civil rights complaint.[1] The plaintiff also has filed a motion for leave to proceed *in forma pauperis*, a motion for default judgment, and a motion to amend the name of the respondent tribal chairperson due to an election.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C.

---

[1] Because the plaintiff does not challenge the validity of his criminal conviction or his sentence, the court does not consider his complaint to be an attempt to bring a petition for a writ of habeas corpus.

§ 1915(a)(2). The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). His motion for leave to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Although the Menominee Indian Tribe of Wisconsin and its chairperson are not entities, officers or employees of the State of Wisconsin or the United States government, the court also must screen complaints in any case where the plaintiff has sought leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2).

## BACKGROUND

The plaintiff is a federal prisoner who asserts that his civil rights were violated during his arrest by the tribal police force on the Menominee Indian Reservation on April 2, 2008. The plaintiff alleges that he was run down by a tribal police car, tased two times and transported to the Shawano County Emergency Center. Custody of the plaintiff was then turned over to the City of Shawano Police Department for an arrest and commit order. The plaintiff's claims do not relate to the matter of his arrest, though. Rather, the plaintiff contends that he should have been taken before

-2-

the Menominee Tribal Courts for charges and that he should have been given an extradition hearing because the arrest took place on the Menominee Indian Reservation and he was under the jurisdiction of the Menominee Indian Tribe. The plaintiff subsequently was indicted, pled guilty, and was sentenced in a criminal proceeding in the United States District Court for the Eastern District of Wisconsin, Case No. 08-CR-129 (E.D. Wis.).[2]

In his plea agreement in Case No. 08-CR-129 (E.D. Wis.), Docket #12, the facts underlying the plaintiff's arrest are set out more clearly. The plaintiff had been indicted by the grand jury in 2007 on charges that he was a felon in possession of a firearm and that he was a felon who had transported firearms interstate. There was an outstanding warrant for the plaintiff's arrest in that case, 07-CR-128 (E.D. Wis.). It was during the execution of the arrest warrant that the plaintiff was taken into custody on April 2, 2008. The plaintiff's actions during that arrest gave rise to the indictment in Case No. 08-CR-129.

The plaintiff tried to initiate habeas corpus proceedings with the tribal courts on June 3, 2009, pursuant to the Indian Civil Rights Act, 25 U.S.C. § 1302. When the court did not respond, the plaintiff filed a notice of appeal with the Menominee Tribal Supreme Court. In August, the plaintiff received all the documents that he had

---

[2] Federal Rule of Evidence 201 allows a court to take judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The court will take judicial notice of the dockets and documents in the plaintiff's criminal cases in this court.

-3-

sent to the tribal courts. The accompanying letter indicated "that the petition was more of a civil tort." (Plaintiff's Complaint at 3).

The plaintiff believes that the Menominee Tribe of Wisconsin violated his rights under various sections of the Menominee Tribal Constitution, the Indian Civil Rights Act, 25 U.S.C. §§ 1301, 1302, and 1303, and the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution. He contends that he should have been taken before a tribal court for charges and a formal extradition process before he could be taken into custody on a federal warrant while on tribal lands.[3] As relief, the plaintiff seeks monetary damages, as well as several forms of injunctive relief, including the amendment of the Menominee Tribal Constitution, the publication of all rights of tribal membership, and "absolute action against all Tribal Police Officers that involved themselves in the illegal usurption of the Menominee Tribal Sovereignty." [sic] (Plaintiff's Complaint at 4).

## DISCUSSION

"Indian tribes are not states of the union within the meaning of the Constitution, and the constitutional limitations on states do not apply to tribes." *Nevada v. Hicks*, 533 U.S. 353, 383-84 (2001) (Souter, J., concurring) (internal citations omitted). The Indian Civil Rights Act of 1968 (ICRA) makes a handful of analogous safeguards enforceable in tribal courts, 28 U.S.C. § 1302, but "the

---

[3] It is not clear whether the plaintiff is a member of the Menominee Indian Tribe, but it is not material. The plaintiff bases his claims on the fact that he was arrested on tribal land, not his status as a member of the tribe, if in fact he is a member of the tribe.

-4-

guarantees are not identical." *Oliphant v. Suquamish Tribe*, 435 U.S. 191, 194 (1978). Title 25 of the United States Code provides definitions of "Indian tribe," "powers of self-government," "Indian court," and "Indian." 25 U.S.C. § 1301. Title 25 also sets forth rights that cannot be abridged by an Indian tribe in exercising powers of self-government. 25 U.S.C. § 1302. This includes many of the same rights that are protected by the United States Constitution, including the right to be free from unreasonable search and seizures. Finally, 25 U.S.C. § 1303 provides that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."

Indian tribes possess "the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978). As with other powers of self-government arising from tribal sovereignty, tribal sovereign immunity is subject to limitations imposed by federal statute. *Id.* "But without congressional authorization, the Indian Nations are exempt from suit." *Id.* (internal quotations omitted). In *Santa Clara*, the Supreme Court summarily rejected the contention that Title II of the ICRA effectively waived tribal sovereignty from suit and concluded "that suits against the tribe under the ICRA are barred by its sovereign immunity from suit." *Id.* at 59. Accordingly, the plaintiff may not proceed on any claim against the Menominee Indian Tribe.

Further, there is no private cause of action against tribal officers based on the ICRA.

> Creation of a federal cause of action for the enforcement of rights created in Title I [of the ICRA] however useful it might be in securing compliance with § 1302, plainly would be at odds with the congressional goal of protecting tribal self-government. Not only would it undermine the authority of tribal forums, but it would also impose serious financial burdens on already "financially disadvantaged" tribes.

*Santa Clara*, 436 U.S. at 64 (internal citation omitted); *see also Davids v. Coyhis*, 869 F.Supp. 1401, 1410-112 (E.D. Wis. 1994); *Barker v. Menominee Nation Casino*, 897 F.Supp. 389, 395 (E.D. Wis. 1995).

> Tribal forums are available to vindicate rights created by the ICRA, and § 1302 has the substantial and intended effect of changing the law which these forums are obliged to apply. Tribal courts have repeatedly been recognized as appropriate forums for the exclusive adjudication of disputes affecting important personal and property interests of both Indians and non-Indians.

*Santa Clara*, 436 U.S. at 65 (citations omitted). Moreover, "the structure of the statutory scheme and the legislative history of Title I [of the ICRA] suggest that Congress' failure to provide remedies other than habeas corpus was a deliberate one." *Id.* at 61. The plaintiff does not have a private cause of action against the chairperson of the Menominee Indian Tribe, whether it is Lisa Waukau or Lauri Boivin.[4]

Accordingly,

---

[4] The plaintiff filed a motion asking the court to amend the name of the respondent from Lisa Waukau, Chairperson, to Lauri Boivin, Chairperson, due to an election and change in power. Because the plaintiff's complaint does not state a claim, this motion will be denied as moot.

-6-

**IT IS ORDERED** that the plaintiff's motion for relief (Docket #1) be and the same is hereby **TERMINATED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for default judgment (Docket #4) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct name of respondent (Docket #9) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Federal Bureau of Prisons shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the

account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge